

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2005

# USA v. Barnhart

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3237

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Barnhart" (2005). *2005 Decisions*. Paper 344.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/344

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3237

———————

UNITED STATES OF AMERICA,

v.

RACHELE D. BARNHART,

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 00-cr-00018)
District Judge: Hon. Malcolm Muir

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2005

BEFORE: SCIRICA, Chief Judge, VAN ANTWERPEN and  COWEN, Circuit Judges

(Filed: October 26, 2005)

———————

OPINION

———————

COWEN, Circuit Judge.

Appellant Rachele D. Barnhart appeals the judgment of conviction and sentence entered in the District Court on July 21, 2004, claiming that her trial counsel rendered ineffective assistance. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have subject matter jurisdiction pursuant to 28 U.S.C. § 1291, and 18 U.S.C. § 3742(a). We will dismiss the appeal.

The July 21, 2004 judgment found Appellant in violation of certain conditions of supervised release and imposed a term of imprisonment of five months. Before issuing this judgment, the District Court held several hearings, including a presentence hearing on June 29, 2004. Illness precluded Appellant from attending the June 29, 2004 presentence hearing, and counsel represented the following regarding his prior discussion with Appellant and her absence from the hearing to the District Court:

> Mr. Rocktashel [Assistant United States Attorney] and I have had some discussion about what to do about this. And I would ask under the circumstances that the Court permit the testimony that the government has scheduled for today to go forward waiving the presence of my client. I can represent to the Court that I have discussed the case with her in detail, and I believe that I am prepared to cross examine the witnesses who have come here today from Harrisburg.

(App. at 138.) After receiving testimony from the witnesses present, the District Court adjourned the hearing for Appellant to testify after granting her an opportunity to review a transcript of the proceedings. The District Court accordingly heard Appellant's testimony on July 16, 2004, before entering its judgment. On appeal, Appellant accuses her counsel

2

of waiving her presence without obtaining her authorization in contravention of the Sixth Amendment.

This Court does not entertain ineffective assistance of counsel claims on direct appeal unless the record is "sufficient to allow determination of ineffective assistance" such that an evidentiary hearing for additional factual development is not necessary. *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). The record in this case is not sufficiently developed to allow meaningful direct review of Appellant's claim.

As shown by the portion of the record quoted above, the record does not reflect facts necessary to resolution of Appellant's claim. Most significantly, it does not reveal whether Appellant agreed that counsel should proceed with the June 29, 2004 presentence hearing in her absence, or even if this issue was discussed. It is clear that an evidentiary hearing is needed for further factual development before trial counsel's overall effectiveness can be satisfactorily ascertained. In this case, a collateral proceeding is the most appropriate means for resolving Appellant's contentions.

For the foregoing reasons, the appeal will be dismissed.